IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------X
:
RONALD NUNN & DONALD VADEN        :        3:10 CV 1350 (JBA)
:
V.                                :
:
MASSACHUSETTS CASUALTY INS. CO.   :        DATE: DECEMBER 2, 2014
:
------------------------------------------------------------X

RULING ON DEFENDANT'S EMERGENCY MOTION FOR PROTECTIVE ORDER

This case is trial ready in April 2015, following remand from the Second Circuit. 758 F.2d 109 (2d Cir. 2014).

On November 20, 2014, defendant filed the pending Emergency Motion for Protective Order, with brief and affidavit in support.  (Dkts. ##88-90).[1]  Six days later, plaintiffs filed their brief in opposition.  (Dkt. #93).[2]  Defendant's reply brief was filed on December 1, 2014.  (Dkt. #94).  On November 21, 2014, U.S. District Judge Janet Bond Arterton referred the motion to this Magistrate Judge.  (Dkt. #91; see also Dkt. #92).

At issue in this motion is plaintiffs' request to depose six referees – Woody Mayfield of Georgetown, Texas, Terry Durham of Hillsboro, Oregon, Joe Forte of Smyrna, Georgia, Nolan Fine of Virginia Beach, Virginia, Mark Wunderlich of West Chester, Pennsylvania, and Joseph DeRosa of North Canton, Ohio -- "in order to present their testimony at trial." (Defendant's Brief, at 3-4; Fahey Decl., at 2-3).  On November 18, 2014, plaintiff served a Notice of Deposition to depose Mayfield in Austin, Texas on December 3, 2014.  (Defendant's

---

[1]Copies of decisions are attached to defendant's brief.  (Dkt. #89).  Nine exhibits are attached to the Declaration of Patrick M. Fahey ["Fahey Decl."], executed on November 20, 2014.  (Dkt. #90).

[2]Attached as Exh. A were excepts from the depositions of plaintiff Donald Vaden, taken on December 6, 2010, of plaintiff Ronald Nunn, also taken on December 6, 2010, and of Steven D. Lucas, taken on August 1, 2011; also attached are copies of court decisions.

Brief at 4; Fahey Dec., at 3 & Exh. H).[3]

As defendant appropriately argues, the discovery deadlines have passed more than three years ago. (Defendant's Brief, at 1-4, 5-8; Fahey Decl. at 1-3 & Exhs. A-F). In plaintiff Vaden's discovery responses, dated December 2, 2010, all six referees were included as individuals present when plaintiff met with Steven D. Lucas on September 29, 1996. (Fahey Decl., Exh. D, at 8-9). In the Joint Status Report, filed on June 12, 2014 (Dkt. #81), following the reversal and remand by the Second Circuit, plaintiffs agreed that "discovery is complete[,]" and counsel requested trial sometime after March 30, 2015. (At 1). These six referees are included in plaintiffs' Witness List in the Joint Trial Memorandum, filed yesterday. (Dkt. #96, Exh. 1, at 2-3).

In their brief in opposition, plaintiffs argue that the depositions ought to go forward, that the issue of admissibility ought to be resolved by Judge Arterton at trial, and that the names of these six referees were disclosed to defendant as early as December 2010. (Dkt. #93, at 1, 3-7). According to plaintiffs, "there is ample time" to complete these depositions prior to trial. (Id. at 6).

In its reply brief, defendant points out that the relevancy, if any, of the testimony of these six deponents was known to plaintiffs at least as of August 2011, when Lucas was deposed, and taking these six depositions now would be prejudicial to defendant. (Dkt. #94, at 3-6).

As U.S. District Judge Gerard E. Lynch of the Southern District of New York explained in George v. Ford Motor Co., No. 03 Civ. 7643 (GEL), 2007 WL 2398806, at *11 (S.D.N.Y. Aug. 17, 2007), modified on other grounds, 2007 WL 4355048 (S.D.N.Y. Dec. 11, 2007), with

---

[3]Plaintiffs estimate that each deposition should last no more than thirty minutes. (Fahey Decl., Exh. G).

respect to plaintiffs' request to conduct a de bene esse deposition of a former Ford engineer, "[c]haracterizing the deposition as one de bene esse does not change" FED. R. CIV. P. 45(a)(2). Judge Lynch continued: "The Federal Rules of Civil Procedure make no distinction for use of a deposition at trial between one taken for discovery purposes and one taken for use at trial (de bene esse)." Id. (citations omitted). In addition, "both discovery and de bene esse depositions are governed by the scheduling order set by the Court, and may not be conducted after the close of discovery absent good cause to modify that order." Id. at *12 (internal quotations & citations omitted). See also Sanofi-Synthelabo v. Apotex, Inc., No. 02 Civ. 2255 (SHS), 02 Civ. 3672 (SHS), 2005 WL 469594, at *1 (S.D.N.Y. Feb. 18, 2005). In George, Judge Lynch held that "[n]o such good cause has been shown here[,]" in that there were no "unforeseen events arising after the close of discovery[,]" and "[p]laintiffs had every opportunity to seek [this engineer's] deposition . . . in the appropriate district under Rule 45(a)(2)(B) during the discovery period." 2007 WL 2398806, at *12.

The following year, now retired U.S. District Judge Alan H. Nevas found the George decision to be "unpersuasive[,]" and at variance with other decisions in the Southern District of New York. EEOC v. Beauty Enters. Inc., No. 01 CV 378 (AHN), 2008 WL 3892203, at *1-2 & n.1 (D. Conn. July 9, 2008)(citations omitted).[4] Instead, Judge Nevas focused upon "the prejudice each side may incur[,]" and/or "a showing of good cause to modify the discovery period[.]" Id. at *2-3 (citations omitted). In EEOC, Judge Nevas found that "good cause" had been met with respect to a Florida resident who was engaged in pending litigation with the defendant corporation's owner, in light of the owner's offer of settlement to her which

---

[4]See also Morales v. NY State Dep't of Labor, No. 06 CV 899 (MAD), 2012 WL 2571292, at *2-3 (N.D.N.Y. July 3, 2012); McDermott v. Liberty Maritime Corp., No. 08 CV 1503 (KAM)(ALC), 2011 WL 2650200, at *1-5 (E.D.N.Y. July 6, 2011).

included, inter alia, a confidentiality agreement regarding her "prior personal and business relationship" with the owner, which provision was seen as "some evidence" that the owner "may be discouraging [her] from testifying in this case." Id.  Judge Nevas reached the same conclusion with respect to an elderly gentlemen, also residing in Florida, who had entered into a similar confidentiality agreement with the owner and whose "presence and potential relevant information also seem[] to have come to light after the close of discovery." Id. at *3.  However, Judge Nevas did not permit the de bene esse deposition of an employee of a vendor of defendant, in that the issue raised "was (or could have been) fully explored by [counsel] before the original . . . trial date[,]" and the parties admitted that they knew about this vendor "during the initial . . . depositions and could have sought further information from [this vendor] at that time." Id. at *4.  Judge Nevas concluded: "The purpose of the current, limited discovery is not to provide the EEOC . . . with a renewed opportunity to engage in discovery that, in hindsight, [it] wished [it] had performed at an earlier date." Id.[5]

In this case, as in George, "[n]o such good cause has been shown here[,]" in that there were no "unforeseen events arising after the close of discovery[,]" and both sides "had every opportunity to seek [these] deposition[s] . . . during the discovery period[,]" 2007 WL 2398806, at *12, as their identities were disclosed to defendant in December 2010.  Nor is there any sense that defendant is attempting to "silence" these referee-witnesses with confidentiality agreements, as in the EEOC case before Judge Nevas.  However, given that defendant easily could have deposed these witnesses during the discovery period but chose

---

[5]Plaintiffs also have cited Hanson v. US Airports Air Cargo, LLC, No. 3:07 CV 353 (JCH), 2008 WL 4426909, at *1-2 (D. Conn. Sept. 26, 2008)(Fitzsimmons, MJ), but that decision is distinguishable, in that the two deponents already had been deposed, which is not the case here.

not to, and given that these depositions appear to be relatively limited in nature,[6] Defendant's Emergency Motion for Protective Order (Dkt. #88) is <u>granted in part and denied in part as follows</u>: plaintiffs will be permitted to take <u>de bene esse</u> depositions of these six witnesses by videotape, at which counsel may appear remotely if they wish, and obviously, without prejudice to defendant objecting to their admission at trial.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

<u>See</u> 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).

Dated at New Haven, Connecticut, this 2nd day of December, 2014.

    /s/ Joan G. Margolis, USMJ
    Joan Glazer Margolis
    United States Magistrate Judge

---

[6]<u>See</u> note 3 <u>supra</u>.